UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REID JAMES HERING,

                        Plaintiff,

    v.                                            Case No. 26-cv-14-pp

WAUKESHA COUNTY, *et al.*,

                         Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Reid James Hering, who is incarcerated at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On January 26, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $23.33. Dkt. No. 6. The court received that fee on February 10, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff sues Waukesha County, the City of Waukesha Police Department, Sheriff Thompson and John/Jane Doe police officers. Dkt. No. 1 at 1. He alleges that at 1:30 a.m. on December 4, 2024, in Waukesha, Wisconsin, he was the passenger of a rental vehicle driven by his fiancée, Jamie Burkeen. Id. at 7. Burkeen allegedly struck a mailbox, then drove about one block to a secondary road to assess the damage and contact the rental company. Id. The plaintiff states that soon after, a Doe police officer arrived, at which time Berkeen "freely admitted to being the sober and legal operator of

the vehicle, to accidentally striking the damaged mailbox and then pulling off the main thoroughfare[.]" Id. at 7-8.

The plaintiff alleges that through asking standard questions, the Doe officer learned that the plaintiff had a criminal record and was on state supervision. Id. at 8. The plaintiff states that he was ordered out of the vehicle and detained for about an hour on the side of the road in freezing temperatures, for no cause. Id. He states that he was unlawfully detained, harassed and discriminated against solely because of his criminal record. Id. at 9. The plaintiff alleges that he was not read his rights or taken into custody but says that while detained, he was "threatened/coerced and intimidated by police brutality and presence, which repeatedly made it clear [he] he was at no point free to leave." Id. The plaintiff asserts that the vehicle was searched without seeking permission from Burkeen. Id. He says that despite there being no indication of any wrongdoing, he was subject to

> extreme levels of humiliation and excessive and extreme interrogation, on the side of the road, in a residential neighborhood, at 3:00 in the morning, handcuffed on the side of the road, in <30° temperature, on the curb, for approx. 1-2 hours, by 3-4 Waukesha PD vehicles with full lights (strobes/spot/and flashers) active culminating in [his] being ordered, with threat of immediate use of force to strip off [his] shoes, socks and overshirt so on-scene PD could examine [his] arms and between [his] toes to [] 'look for track marks[.]'

Id. at 10. The plaintiff states that he was not issued a ticket, citation or warning. Id. After the investigation, he allegedly was forced to walk several miles to the apartment he shared with Burkeen. Id. at 10-11.

The plaintiff states that he seeks relief for harassment, discrimination, unlawful and excessive use of force, illegal search and seizure and illegal unlawful detention. Id. at 11. He says that the defendants' actions resulted in pain and suffering and severe and lasting mental, emotional and psychological harm and damage. Id. The plaintiff seeks compensatory and punitive damages. Id.

C.    Analysis

The Fourth Amendment, which guarantees the right of persons to be free from "unreasonable searches and seizures" by the government, "extend[s] to brief investigatory stops of persons or vehicles that fall short of traditional arrest." Martin v. Forest County, 677 F. Supp. 3d 853, 861 (E.D. Wis. 2023) (quoting U.S. Const. amend. IV and United States v. Arvizu, 534 U.S. 266, 273 (2002)). The plaintiff alleges that when officers arrived to investigate, he and Burkeen were already stopped by the side of the road after hitting a mailbox. He claims that the officers' conduct during the investigation was unreasonable. The plaintiff's allegations that the Doe officer unreasonably detained and searched him implicate his rights under the Fourth Amendment. See Terry v. Ohio, 392 U.S. 1, 29-30 (1968); see also United States v. Lewis, 920 F.3d 483, 491 (7th Cir. 2019) (An officer who reasonably initiates a traffic stop "might violate the Constitution if he exceeds the scope or unreasonably prolongs the stop.").

The City of Waukesha Police Department is not a proper defendant under §1983. Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3); see also DeGenova v. Sheriff of DuPage Cnty., 209 F.3d 973, 976 n.2 (7th Cir. 2000) ("The federal courts look to state law to determine if a defendant is amenable to suit."). Under Wisconsin law, a police department does not have the capacity to be sued. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (stating a sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit."). The plaintiff has not stated a claim against Waukesha County because he does not allege that the officers acted under a county policy or custom. See Waters v. City of Chicago, 580 F.3d 575, 581 (7th Cir. 2009). In addition, the plaintiff does not state a claim against Sheriff Thompson because he does not include any allegations against him. The court will dismiss defendants City of Waukesha Police Department, Waukesha County and Thompson.

Because the plaintiff does not know the names of the Doe defendants he is suing, the court will add Waukesha County Sheriff Eric J. Severson as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Severson should not respond to the complaint. After Sheriff Severson's attorney files an appearance in this case, the plaintiff may serve

discovery upon Sheriff Severson (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff does not state a claim against Sheriff Severson, his discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Severson about any other topic, and Sheriff Severson is not obligated to respond to requests about any other topic.

After the plaintiff learns the names of the people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholders. Once the plaintiff identifies the defendants' names, the court will dismiss Sheriff Severson as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Severson's attorney appearing. If he does not or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil Local Rule 41(c) (E.D. Wis.).

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Waukesha County, City of Waukesha Police Department and Sheriff Thompson.

The court **DIRECTS** the clerk's office to add Waukesha County Sheriff Eric J. Severson as a defendant for the limited purpose of helping the plaintiff identify the defendants' names.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Waukesha County Sheriff Eric J. Severson under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that Sheriff Severson does not have to respond to the complaint; however, he must respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Severson is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Severson's attorney filing an appearance in this case**. If the plaintiff does not identify the defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$326.67** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 24th day of June, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
**Chief United States District Judge**

10